[Crim. No. 6151. Second Dist., Div. One. Dec. 8, 1958.]

In re CHARLES C. FINN, on Habeas Corpus.

Charles C. Finn, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent.

FOURT, J.—A petition for writ of habeas corpus was filed by George D. Gideon for Charles C. Finn alleging that Charles Finn was unlawfully imprisoned by the Sheriff of Los Angeles County. The petition set forth, among other things, that the imprisonment was illegal for the reason that, ". . . Charles Finn has been committed . . . to . . . jail . . . for two days for contempt of court in failing to comply with a prior order of the Superior Court of Los Angeles, made Oct. 3, 1957, by the Honorable Jesse Frampton, which prior order enjoined said Charles Finn from making any claim to or upon a certain aircraft. That Charles Finn later stated orally that he was part owner of said aircraft and was for this reason adjudged in contempt of court. It is contended that the above mentioned prior order and the subsequent contempt order are in excess of the court's jurisdiction to the extent that they deny Charles Finn his right of free speech guaranteed him under Article I, section 9 of the California Constitution, and the First Amendment of the U.S. Constitution."

The preliminary injunction, with which we are concerned in this mater, was signed on October 29, 1957, and a copy thereof was served upon Charles C. Finn on November 5, 1957. The injunction provided, among other things, that Charles C. Finn was enjoined and restrained from "(1) touching, moving, flying or. doing anything with or to that certain . . . aircraft . . .; (2) interfering, directly or indirectly, with the possession by plaintiff or his lessee . . . of the aircraft hereinabove described; and (3) setting up or making any claim to or upon the aircraft hereinabove described, or any part

thereof; provided, that nothing in this subpart (3) shall be construed to enjoin or restrain said defendants, or either of them, from making such claim in connection with any proceeding now pending or which may hereafter arise in the above captioned case, and pending final judgment herein.''

On November 27, 1957, affidavits were filed which, in effect, stated that Charles C. Finn, at the Oakland Municipal Airport, had, on November 26, 1957, interfered with the performing of an inspection of said aircraft and further had interrupted the mechanics working on the aircraft and caused delay in the maintenance work then and there being performed on said aircraft; further, that Charles C. Finn was in and around or about the tail wheel area of the airplane. No answering affidavits were filed by Charles C. Finn.

A full and complete hearing was held and Charles C. Finn was found guilty of contempt of court.

This court issued a writ of habeas corpus, and in response thereto the sheriff caused to be filed a return which set forth by reference a certified copy of the order adjudicating Charles C. Finn in contempt of court and the commitment.

■ None of the allegations of the petition which have to do with the illegality of the confinement are supported by the record before us; indeed, the matters set forth in the petition which allegedly brought about the purported illegal detention had nothing whatsoever to do wtih the particular proceedings or detention with which we are now concerned. Finn was not confined because of anything he said about any claims which he might have with reference to the airplane, but rather because he deliberately violated the order of the court to not interfere with the possession by the plaintiff of the aircraft and not to touch or do anything with or to the aircraft.

The order granting the injunction became a final order in that no appeal was taken therefrom and cannot now be collaterally attacked.

The petitioner here has failed entirely to establish any of the essential allegations of his petition for a writ of habeas corpus.

The orders made in this matter appear to be regular and proper on their face.

The writ is discharged and Charles C. Finn is remanded.

White, P. J., and Lillie, J., concurred.